UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA BRISBANE SR., | Case No. 2:25-cv-2196-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY, *et al.*, | |
| Defendants. | |

Plaintiff, a detainee in the Sacramento County Jail, brings this action against at thirteen defendants and alleges various violations of his rights, all related to a widespread and covert system of surveillance that he claims has been deployed against him. ECF No. 1 at 5, 7-8. Courts routinely dismiss claims that, like these, border on the fanciful. I will dismiss the complaint with leave to amend and give plaintiff an opportunity to file a new complaint that explains why this actions should proceed.

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's[1] complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify

---
[1] This provision applies to pretrial detainees like plaintiff. *See* 28 U.S.C. § 1915(h).

1

any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff brings several allegations relating to an overarching surveillance system that he alleges defendants have deployed against him.  First, he claims that defendants Brookshire, Igoe, Spence, and Leahy have used audio and visual surveillance during his medical appointments to gain private health information and to influence his prescriptions.  ECF No. 1 at 7-8.  Second, he alleges that, in December 2023, defendant Banks used "non-standard" surveillance technology against him that was "tun[ed] to an individual's intrinsic frequency."  *Id.* at 11.  Plaintiff claims that Banks' actions caused him "cognitive disruption," "unnatural daily routines," and suicidal

thoughts. *Id.* Third, he alleges that Steve Whitworth, an attorney retained to defend him in September 2023, did little to help his case and acted in concert with the correctional staff to spy on him with a surveillance program on his cell phone. *Id.* at 14. Separately, plaintiff alleges that a different attorney, Alan Whisenand, who was appointed by the public defender's office (presumably after Whitworth was relieved of duties), rendered ineffective assistance. *Id.* at 15. There does not appear to be, as best I can tell, any surveillance related allegations against Whisenand. Fourth, he alleges that Dan Williams, a chaplain at the Rio Consumnes Correctional Center, attempted to elicit private information that could be used against him by proxies representing or associated with the mother of his children. *Id.* at18.

There are two issues with these disparate claims. First, they are not sufficiently related to proceed together. Multiple, unrelated claims against multiple defendants belong in different lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Second, the conspiratorial claims regarding covert surveillance that can be tuned to an individual's frequencies are the sort of fanciful claims that should not proceed past screening. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

I will give plaintiff an opportunity to amend so that he may better explain the nature of these claims and why this action should proceed. In any amended complaint, plaintiff should be explicit as to how many defendants he seeks to sue and how each allegedly violated his rights. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, contained in ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4.  The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:     October 7, 2025                              _____
                                                        JEREMY D. PETERSON
                                                        UNITED STATES MAGISTRATE JUDGE