UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSHUA BRISBANE SR.,

Plaintiff,

v.

SACRAMENTO COUNTY, *et al.*,

Defendants.

Case No.  2:25-cv-2196-JDP (P)

ORDER; FINDINGS AND RECOMMENDATIONS

Plaintiff, a detainee in the Rio Consumnes Correctional Center, brings this action against Sacramento County, the Sacramento County Sheriff's Department, and Banks, a sheriff's deputy at the Rio Cosumnes Correctional Center.  After review of the first amended complaint, I find that plaintiff has stated a potentially cognizable claim against defendant Banks.  His claims against the municipal defendants, however, are non-viable, and I will recommend that they be dismissed.

**I.      Screening and Pleading Requirements**

A federal court must screen a prisoner's[1] complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious,

---

[1] This provision applies to pretrial detainees like plaintiff.  *See* 28 USCS § 1915(h).

1

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff begins by broadly alleging that the municipal defendants have a history of discriminating against African-Americans.  ECF No. 6 at 3.  He references past cases of alleged discrimination against other individuals but fails to tie those cases to any specific violation of his rights at issue here.  *See Ingall v. Rabago*, No. 20-00306 ACK-WRP, 2021 U.S. Dist. LEXIS 23329, *18 (D. Haw. Feb 8, 2021) ("Plaintiff's broad articulations of informal practices or customs fail to meet the standard to establish municipal liability under the *Monell* framework.").  The only substantive allegations concerning a violation of plaintiff's rights implicate the actions of defendant Banks, who allegedly became "combative" toward plaintiff, calling him a "bitch"

2

and shining his flashlight into plaintiff's eyes in an attempt to prevent him from sleeping.  ECF No. 6 at 4.  Plaintiff does not allege that Banks was motivated by racial animus, and, thus, the broad, discriminatory custom that he ascribes to the municipal defendants, even if accurately described, does not appear to have been a moving force in the violation of his rights.

As to the claim against Banks, I find that, liberally construed, plaintiff has stated a Fourteenth Amendment claim against him.  *See Pierce v. Cty. of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008) ("Under the Due Process Clause, detainees have a right against jail conditions or restrictions that amount to punishment.").  I also find that plaintiff's Bane Act claim against this defendant is inadequately pled.  Plaintiff does not allege that Banks had a specific intent "to violate [an] arrestee's right to freedom from unreasonable seizure." *Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018).  Thus, only his Fourteenth Amendment claim should proceed.

Accordingly, it is ORDERED that:

1.      The Clerk of Court shall assign a district judge to this action.

2.      Plaintiff may proceed with the Fourteenth Amendment claims against Banks deemed cognizable in this order.

3.      The clerk of court shall send plaintiff a USM-285 form, a summons, a Notice of Submission of Documents form, an instruction sheet, and a copy of the complaint filed October 23, 2025, ECF No. 6.

3.      Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the court with the following documents:

      a.      one completed summons for the defendants;

      b.      one completed USM-285 forms; and

      c.      three copies of the signed October 23, 2025 complaint.

4.      Plaintiff need not attempt service on defendant and need not request waiver of service.  Upon receipt of the above-described documents, the court will direct the U.S. Marshals Service to serve the above defendant pursuant to Federal Rule of Civil Procedure 4, without

payment of costs by plaintiff.

5. The failure to comply with this order may result in dismissal of this action for failure to prosecute.

Further, it is RECOMMENDED that all claims and defendants, other than the Fourteenth Amendment claim against Banks deemed cognizable in this order, be DISMISSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     February 2, 2026     _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA BRISBANE SR., | Case No.  2:25-cv-2196-JDP (P) |
| Plaintiff, | |
| v. | NOTICE OF SUBMISSION OF DOCUMENTS |
| SACRAMENTO COUNTY, *et al.*, | |
| Defendants. | |

In accordance with the court's Screening Order, plaintiff must submit:

   1          completed summons form

   1          completed forms USM-285

   2          copies of the October 23, 2025 complaint

_____

Plaintiff

Dated:

5